IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                    Plaintiff,   )
                                 )
v.                               )        Case No. CR-00-142-L
                                 )        Case No. CIV-03-1672-L
CEDRIC LADON CARTER,             )
                                 )
                    Defendant.   )

# **O R D E R**

On December 19, 2000, a federal grand jury returned a 21-count indictment

against defendant.  Count 1 charged him with conspiracy to possess with intent to

distribute and to distribute cocaine powder and crack cocaine.  Defendant was

charged in Counts 2, 3, 4, 5, 7, 9, 11, 12, 15, 17, 19, and 21 with substantive

violations of 21 U.S.C. § 841(a)(1), involving both cocaine powder and cocaine base.

Counts 6, 8, 10, 13, 14, 16, 18, and 20 alleged defendant knowingly and intentionally

used a communication facility in committing or facilitating the conspiracy charged in

Count 1.  This matter was tried to a jury beginning February 20, 2001.  The jury

returned a verdict of not guilty as to Counts 2, 3, 4, and 5, but convicted defendant

of the remaining charges.  In addition, the jury answered special interrogatories with

respect to Counts 1, 7, 9, 15, 17, 19, and 21 indicating the type and quantity of the

controlled substances involved.  On June 19, 2001, defendant was sentenced to 324

months' imprisonment on Counts 1, 7, 9, 11, 12, 15, 17, 19, and 21 and 48 months'

imprisonment on Counts 6, 8, 10, 13, 14, 16, 18, and 20, to run concurrently.  The Court of Appeals for the Tenth Circuit affirmed defendant's conviction and sentence in an Order and Judgment issued July 19, 2002.  The United States Supreme Court denied defendant's petition for writ of certiorari on December 2, 2002.

This matter is before the court on defendant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant's initial filing seeks relief on three grounds.  First, he alleges he received ineffective assistance of trial counsel because his attorney did not investigate the charges against him, did not prepare for trial, and did not interview the government's witnesses.  In his second ground, defendant contends he is actually innocent of the conspiracy charge because certain individuals were not parties to the conspiracy in October 1999 and only a buyer/seller relationship existed between himself and Andy Quintana.  As his final ground for relief, defendant asserts the prosecutor engaged in misconduct by presenting inconsistent testimony and previously undisclosed expert testimony.  On January 12, 2004, defendant filed a motion for leave to supplement his § 2255 motion, which the court granted.  In the supplement defendant provides additional argument in support of the claims raised in the original 2255 motion, but also raises three entirely new claims:  (1) the grand and petit juries that indicted and convicted him were unconstitutional because the District's jury selection system results in the under-representation of minorities; (2) trial and appellate counsel provided ineffective assistance by failing to challenge the jury

2

selection process; and (3) the plea agreements between the government and two of defendant's co-conspirators were invalid due to lack of consideration.  On January 26, 2005, defendant filed a letter asserting a claim based on the United States Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005).

A prisoner who is in custody may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255. Issues that have been considered by the appellate court, however, are not proper subjects for a 2255 motion absent an intervening change in the law.  See United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  Likewise, § 2255 is not the appropriate vehicle to raise issues that should been raised on appeal.  See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994).   A defendant is barred from raising arguments for the first time in a 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).  However, claims of ineffective assistance of counsel are not subject to procedural bar and, in fact, are

more appropriately raised for the first time in § 2255 motions.  Massaro v. United
States, 538 U.S. 500, 505 (2003).

Defendant's actual innocence claim[1] and objection to the admission of Special
Agent Mike Sanders' testimony were both raised by defendant on appeal and
decided adversely to him.  Carter, 42 Fed. Appx. at 421-23, 424-25.  They are thus
not proper subjects for a 2255 motion.  Defendant's supplemental argument that the
court erred in not making a *Daubert* determination on the reliability of Agent Sanders'
testimony is without merit as Agent Sanders was not offered as an expert and did
not so testify.  Defendant's argument that the prosecutor committed misconduct by
proffering Agent Sanders' testimony is procedurally barred as defendant did not
attack his testimony on that basis before the Court of Appeals.  Defendant's
remaining   allegations   of   prosecutorial   misconduct   are   conclusory   and
unsubstantiated and do not provide grounds for relief.

The court also concludes defendant cannot assert the new claims raised for
the first time in his supplement and his January 2005 letter as they are barred by the
statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996

---

[1]This claim is based on defendant's argument that no conspiracy existed and
that all the government proved was a buyer/seller relationship.  That issue was
clearly before the Court of Appeals, which held defendant was "a distributor who sold
drugs for profit" and therefore was not protected by the buyer/seller rule.  United
States v. Carter, 42 Fed. Appx. 418, 421 (10th Cir.), *cert. denied*, 537 U.S. 1061
(2002).  Moreover, the Court concluded "we find ample evidence from which the jury
could reasonably have found beyond a reasonable doubt that Carter and other
members of the conspiracy were interdependent." Id. at 422.

amended 28 U.S.C. § 2255 to provide a one-year statute of limitations for the filing

of collateral challenges to federal convictions.  The limitations period runs from the

latter of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  Defendant's conviction became final on December 2, 2002 when

the United States Supreme Court denied certiorari.  The supplement was not filed

until January 2003, and the letter asserting the *Booker* claim was not submitted until

January 2005.  The claims raised for the first time in these papers can only be

considered timely if they relate back to the filing date of the original 2255 motion.  In

United States v. Espinoza-Saenz, 235 F.3d 501 (10th Cir. 2000), the Court held

> that pursuant to Rule 15(c), an untimely amendment to a § 2255 motion
>
>> which, by way of additional facts, clarifies or amplifies a claim or theory in the [original

> motion] may, in the District Court's discretion,
> relate back to the date of [the original motion]
> if and only if the [original motion] was timely
> filed and the proposed amendment does not
> seek to add a new claim or to insert a new
> theory into the case.

Id. at 505 (*quoting* United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000)).  At

no time prior to the filing of the supplement did defendant raise the jury composition

issue, nor did defendant question the validity of his co-conspirators' plea

agreements.  Likewise, there is no dispute that defendant did not raise a *Booker*

claim before January 2005.  These claims not only raise new factual issues, but also

inject new theories of relief into the case.  They thus cannot relate back for purposes

of Rule 15(c) and are therefore time-barred.  In addition, the jury composition claims

are without merit,[2] and defendant does not have standing to question the validity of

the plea agreements.  United States v. Ivy, 83 F.3d 1266, 1282-83 (10th Cir.), *cert.*

*denied*, 519 U.S. 901 (1996).  Likewise, defendant is not entitled to any relief under

*Booker* because his conviction was final before the Court issued its decision in

---

[2]*See* United States v. Orange, 364 F. Supp. 2d 1288 (W.D. Okla. 2005).

Blakely v. Washington.[3]  *See* United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005).

Defendant's remaining ineffective assistance of counsel claims also do not entitle him to relief.  To establish a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In applying this test, the court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.), *cert. denied*, 537 U.S. 1093 (2002) (*quoting* Strickland, 466 U.S. at 690).

> The proper measure of attorney performance is that of reasonably effective assistance under prevailing professional norms, considering all of the surrounding circumstances. The Court has been crystal clear that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved

---

[3]542 U.S. 296 (2004).  In addition, it is not at all clear that defendant would have any claim under the rule announced in *Blakely* and extended to the United States Sentencing Guidelines by *Booker*.  In this case, the jury made specific findings regarding the amount and type of drugs at issue and the court used those findings to set defendant's base offense level.  Furthermore, at sentencing the court sustained defendant's objection to imposition of the career offender enhancement pursuant to § 4B1.1.

> unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."   For that reason, a reviewing court must "reconstruct the circumstances of counsel's challenged conduct [and] evaluate [that] conduct from counsel's perspective at the time."   Because of the difficulties that inhere in such a process, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Bryan v. Mullin, 335 F.3d 1207, 1217 (10th Cir. 2003), *cert. denied*, 541 U.S. 975 (2004) (*en banc*) (citations omitted).   In addition to establishing that counsel's performance was deficient, defendant must also show that "the deficient performance prejudiced the defense."   Strickland, 466 U.S. at 687.   The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice.   "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

In his motion, defendant presents only unsupported, conclusory allegations of ineffective assistance.   For example, while defendant claims counsel did not interview "many obvious potential witnesses"[4], he does not identify any of these witnesses or indicate the substance of their testimony.   Defendant's complaint that counsel failed to pursue an effective defense strategy is belied by the record. Counsel clearly questioned not only whether a conspiracy even existed, but also

---

[4]Motion for Leave to Supplement at 6.

whether the government could establish that crack cocaine – as opposed to only cocaine powder – was involved.  Counsel vigorously cross-examined the government's witnesses and challenged the testimony of defendant's co-conspirators based on their desire for sentencing leniency in exchange for their testimony.  Far from demonstrating that counsel's conduct "undermined the proper functioning of the adversarial process", a review of the record demonstrates counsel provided defendant with vigorous, effective representation.

For the foregoing reasons, the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 71) is DENIED.  Judgment will issue accordingly.

It is so ordered this 11th day of October, 2005.

_Tim Leonard_

TIM LEONARD
United States District Judge